[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16131
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-03011-CV-JEC-1

OTIS JOHNSON,

Plaintiff-Appellant,

versus

ATLANTA INDEPENDENT SCHOOL SYSTEM,
CAROL CLARK WESLEY, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 29, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Otis Johnson, a 58-year-old male, proceeding pro se, was a teacher who was

ultimately not renewed because of alleged performance deficiencies by his

employer. He now appeals the district court's grant of summary judgment to defendants Atlanta Independent School System (APS), Principal Carol Clark-Wesley, Deputy Superintendent Gloria Patterson, and Superintendent Beverly Hall (Defendants) on his claims of sex and age discrimination, raised pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and due process violations pursuant 42 U.S.C. § 1983. Johnson argues that the district court erred in finding that (1) he did not establish a prima facie case based on evidence that similarly situated employees outside his protected class were treated more favorably, (2) he did not establish a prima facie case of retaliation based on evidence that the decision-makers were aware of his discrimination charge when they decided to terminate him, nor did he provide evidence that the reasons for his termination, proffered by the defendants, were pretextual, (3) he did not put forth evidence that state law did not provide a process sufficient to remedy his deprivation, and (4) his motion to compel a deposition of a particular witness (Superintendent Hall) was unnecessary.[1]

---

[1] For the purposes of deciding this appeal, we assume, arguendo, that Johnson's claims for discrimination and retaliation were exhausted when he filed a charge with the EEOC on January 31, 2003.

## I. Discrimination

We review "a grant of summary judgment <u>de novo</u>, using the same legal standard as the district court." <u>Merritt v. Dillard Paper Co.</u>, 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. <u>Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Id.</u> at 586, 106 S.Ct. at 1356. The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 323, 106 S.Ct. at 2552.

Because Johnson relies on circumstantial evidence, this invokes the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), for both his age

3

and sex discrimination claims. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000).  Under the McDonnell Douglas/Burdine framework, the claimant must first show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; see Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the employment action. McDonnell Douglas, 411 U.S. at 802; 93 S.Ct. at 1824. If the defendant is able to meet its burden, the plaintiff must then show that the proffered reason is merely a pretext for discrimination.  Burdine, 450 U.S. at 253; 101 S.Ct. 1093.

To succeed with his discriminatory discharge claim, Johnson had to show that: (1) he was a member of a protected minority; (2) he was qualified for the job from which he was discharged; (3) he was discharged; and (4) he was treated less favorably than a similarly situated individual outside his protected class or his former position was filled by a non-minority. Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003).

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees

4

are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishment imposed." Silvera v. Orange Co. School Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (internal citation omitted)). "In order to satisfy the similar offenses prong, the comparator's misconduct must be nearly identical to the plaintiff's in order to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. at 1259 (internal quotation and citations omitted). Summary judgment is appropriate if the plaintiff fails to show the existence of a similarly situated employee, and no other evidence of discrimination is present. Holifield, 115 F.3d at 1562.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. According to the evidence before the district court, no other teacher, who: (1) was either female or less than 40 years old; (2) had a similar history of documented performance deficiencies; and (3) was given opportunities and resources to improve, similar to those received by Johnson, but did not; and was still retained. Because Johnson failed to establish the existence of a similarly situated employee, the district court properly granted summary judgment on his claims of sex and age discrimination.

## II. Retaliation

To prevail on a claim of retaliation under Title VII, a plaintiff must establish three elements by a preponderance of the evidence: (1) that he engaged in an activity protected under Title VII, (2) that he suffered an adverse employment action, and (3) that there was a causal connection between the protected activity and the adverse employment action. Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). "To establish a causal connection, a plaintiff must show that 'the decision-makers were aware of the protected conduct' and 'that the protected activity and the adverse employment action were not wholly unrelated.'" Id. at 590 (internal citations omitted).

Once a prima facie case is established, the employer has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). To show the proffered reason is merely a pretext, the employee must

> demonstrate that the proffered reason was not the true reason for the employment decision . . . [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly showing that the employer's proffered explanation is unworthy of credence.

Jackson v. State of Alabama State Tenure Comm., No. 04-10046, slip op. at 1924 (11th Cir. April 14, 2005) (quotations and citations omitted). Specifically, the plaintiff must produce sufficient evidence to allow a reasonable finder of fact to conclude the defendants' articulated reasons are not believable. Id. at 28-29 (quotations and citations omitted). This can be accomplished by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation. Id. at 29 (quotations and citations omitted). "[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). A reason is not pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993) (emphasis in original).

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. It was undisputed that Johnson engaged in an activity protected under Title VII when he filed a charge of discrimination with the EEOC in early 2003. It was also undisputed that he suffered an adverse employment action when the APS refused to renew his employment contract on March 14,

2003 for the 2003-04 academic year. Thus, the only question under a prima facie analysis is whether he could establish a causal connection between the two events. The district court properly granted summary judgment on this claim because he did not show that the decision-makers were aware of the claim he had filed on January 31, 2003, as they did not receive it until May 6, 2003. Moreover, even assuming he established a <u>prima</u> <u>facie</u> case, Johnson was unable to show that APS's articulated reason for terminating him - that he had a documented history of performance deficiencies - was a pretext for retaliation.

### III. Due Process

A procedural due process violation occurs when "the State fails to provide due process." <u>McKinney v. Pate</u>, 20 F.3d 1550, 1557 (11th Cir. 1994) (<u>en banc</u>) (internal quotations omitted). "Due process entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest. <u>Cryder v. Oxendine</u>, 24 F.3d at 175, 177 (11th Cir. 1994)(citation omitted). However, a "state may cure a procedural deprivation by providing a later procedural remedy." <u>Id.</u> Where the state has adequate remedies to cure due process deprivations, that a plaintiff has not taken advantage of, a plaintiff may not pursue his claim in federal court. <u>Id.</u> at 1563-64 (holding that

8

Florida courts provide review and adequate remedies with regard to employment termination cases).

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. Johnson *was* offered a hearing and declined attendance before his termination. Thus, the district court properly granted summary judgment on this claim

## IV. Discovery

Next, Johnson argues that the district court erred in denying his motion to compel Hall's deposition. We review a district court's discovery rulings for abuse of discretion. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). To prevail on appeal to a challenge to a district court's denial of additional discovery, a party "must show substantial harm to its cause." Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1219 (11th Cir. 2000).

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. The district court properly denied Johnson's motion to compel because Johnson did not put forth any evidence to show that Hall was aware of the decision to terminate him or possessed any information concerning discrimination at Ralph McGill Elementary School. Further, he did not show that she possessed any evidence that was necessary for him to oppose the defendants'

motion for summary judgment.  Finally, we note that he does not claim, on appeal, that the inability to depose Hall prevented him from properly responding to APS's motion for summary judgment, and even if he did, the record shows he did not raise such a claim - or follow the procedure set forth in Fed.R.Civ.P. 56(f) - before the district court in the first instance.  Accordingly, the district court's judgment is

**AFFIRMED.**